## Solon Banfill v. Martha A. Twyman et al.

1. REAL ESTATE—*Certain Articles Held Not Part of.*—The court holds in this case, that whatever was or would have been the status of the property in controversy but for the intervention of the legal proceedings stated in the opinion, there resulted a severance of it from the realty by virtue of the action of those who were administering upon the estate of the insolvent corporation to whom the property belonged, and by the clearly implied assent and acquiescence of the parties themselves.

Trespass on the Case, for injury to real estate, with count in tres-
pass. Appeal from the Circuit Court of McDonough County; the Hon.
CHARLES J. SCOFIELD, Judge, presiding. Heard in this court at the
November term, 1896. Affirmed. Opinion filed June 16, 1897.

SOLON BANFILL and W. W. MELOAN, attorneys for appel-
lant.

BAILY & HOLLY, H. C. AGNEW and SHERMAN & TUNNI-
CLIFFS, attorneys for appellees.

OPINION PER CURIAM.

Appellant brought his action against the appellees to
recover damages for having despoiled and wasted certain
real estate by removing therefrom certain lumber, timber,
brick, window and door frames, window and door sills, a
lot of sand, lime and mortar, fifty tramway cars, a lot of
tramway iron, one engine, one sewer pipe press, one pug
mill, a lot of structural iron, etc., which property so removed
was, as alleged, appurtenant to the real estate mentioned in
the declaration as belonging to the plaintiff.

The issue presented by a plea of not guilty was submitted
to the court without a jury, upon evidence adduced by the
respective parties, and the finding was for the defendants.
Judgment followed accordingly and the plaintiff has
appealed.

The Bardolph Fire Clay Works, a corporation, owned the
land, some five or six acres, upon which was a building or
structure with the machinery therein constituting its plant.
This plant, or factory, was destroyed by fire in 1892, and the
company undertook to rebuild. For that purpose it purchased
brick and other materials and placed the same on the prem-
ises, but before much progress in rebuilding had been made,
it became so embarrassed financially that operations were
suspended. On the 23d of August, 1893, the Hutmacher
Brick Company filed its claim for a lien for brick furnished
to be used in rebuilding, and after this action was taken it
seems that nothing further was done in the way of rebuild-
ing, as the company was, and for some time before had been,
insolvent.

The petition of the Hutmacher Brick Company was prosecuted to a decree at the May term, 1894, of the Circuit Court, when an order of sale was entered for the sum of $317.67 due the petitioner, and for $100 due another petitioner, the St. Louis Refrigerator and Wooden Gutter Company, whose claim was filed in October, 1893. On the 23d of March, 1894, all the property in controversy, being the said building materials and certain machinery and the like saved from the fire, was sold by the sheriff under an execution issued upon a judgment in favor of defendant Twyman against the Bardolph Fire Clay Works for $1,912.15 obtained at the February term, 1894, of the Circuit Court.

The defendants, Sherman and Tunnicliff, became the purchasers at that sale and have since removed and appropriated most of the property they so purchased.

On the 30th of June, 1894, the master in chancery sold the real estate in question to satisfy the decree in the lien proceedings and the Hutmacher Brick Company purchased at the price of $388.94. The master issued a certificate of purchase in usual form, which was assigned to the plaintiff herein on the 29th of June, 1895, and the premises not having been redeemed, the master executed a deed to the plaintiff on the 2d of October, 1895. The plaintiff claimed that the building materials having been purchased by the owner of the land for the purpose of rebuilding the plant thereby were constructively annexed to the land and passed with it, so that the master's sale and deed invested him with the ownership of these materials as well as the soil.

These articles are personal and chattel in their nature, and unless affixed to the soil, actually or constructively, did not pass at the sale of the real estate by the master, and did pass by virtue of the sheriff's sale.

We shall not enter into a discussion of the subject of fixtures, nor attempt to state even in a general way the considerations which are applicable in ascertaining whether chattels have been annexed to realty, or whether after such annexation they have been severed or detached therefrom so as to resume their original character.

It is said to be a matter of intention of the owner of the soil, and in a controversy between vendor and vendee, it is often a question of the mutual intention of the parties where there is anything to show such mutuality of intention.

It may be assumed that where one brings a quantity of material on his land for the purpose of building a permanent structure, there is, constructively, an annexation of the chattels to the realty and that were the owner to sell the land while matters are in that stage the buyer would take the whole. In this case there was such intention to annex but the purpose was not carried out.

It was prevented by the financial inability of the owner and the action of creditors. The building operations were suspended and owing to the situation could not be and were not resumed.

The law stepped in to administer its relief between the debtor and the creditors and appropriated the property of the former to the use of the latter. By separate proceedings it sold the land to one and the building materials, etc., to another. These sales were made under such circumstances as to indicate very clearly that it was understood by the respective creditors, as well as by the officers conducting the sales, that the chattels, if they had ever been annexed to the soil, were then treated and regarded as severed therefrom. The sheriff's sale, made some three months before the master's sale, was not objected to by the lien petitioners though certainly they were aware of it. No effort was made to interfere with it. Their acquiescence is clearly inferable.

Afterward they took their decree, and still later purchased the realty at the master's sale. The plaintiff knew all this. He knew that the defendants had purchased the severed personalty and in repeated interviews he recognized the validity of what had been so done.

He even sought to purchase the property from the defendants Sherman and Tunnicliff, the purpose stated being to form a new company which should acquire all the effects and resume the operations of the old.

Subsequently he bought the certificate of purchase from

the Hutmacher Brick Co., and, taking a master's deed, asserted ownership of the property in dispute.

Our conclusion is that whatever was or would have been the status of the property but for the intervention of the legal proceedings stated, there resulted a severance of it from the realty by virtue of the action of those who were administering upon the estate of the insolvent corporation, and by the clearly implied assent and acquiescence of the parties themselves.

In view of these facts it would be manifestly unjust to permit the plaintiff to recover upon a theoretical or constructive annexation when he and those under whom he claims by their conduct as well as by their express declarations conceded a severance. Neither he nor they supposed or understood that the property in dispute passed at the master's sale. They did not object to but acquiesced in the proceedings by which the sheriff sold it severed from the soil.

The officers of the law, standing in the place of the owner of the land and of the property in dispute treated the latter as not pertaining to the former, and it was so regarded by the respective purchasers.

We are of opinion that the plaintiff had no cause of action and that the conclusion of the trial court was correct.

The view thus expressed renders it unnecessary to consider the points raised by the appellant as to the action of the court in disposing of the demurrer to the declaration.

The judgment will be affirmed.